## AMOS SANDERSON *versus* ABRAHAM EDWARDS.

A quantity of hay, cattle, and other personal property, was attached, and the officer appointed a keeper, giving him an order of possession in the usual form, and posted up a notice of such attachment on a beam in the barn. The keeper afterwards went off and abandoned all possession of the property. *Held*, that the lien created by the attachment was thereby lost.

ACTION on the case. The declaration alleged, that the plaintiff, on July 18, 1831, sued out a writ for the purpose of recovering the sum of $300 with interest, due to him from Amos Sanderson, junior ; that on the 30th day of the same July, Moses Pritchard, a deputy sheriff, by virtue of such writ, attached certain cattle, hay, and other articles, of the value of $500 ; that the plaintiff prosecuted his suit to judgment and delivered his execution to Pritchard within thirty days after the rendition of judgment, to wit, on October 1, 1831 ; that the defendant on August 6, 1831, well knowing that the cattle, hay, and other articles had been duly attached by Pritchard, wrongfully took, carried away, and secreted the same, so that they could not be found by Pritchard to be taken on the plaintiff's execution ; that the judgment debtor had no other property ; by means of all which the plaintiff lost the benefit of his attachment, judgment, and execution.

The defendant, who was a deputy sheriff, and had attached the property in question, at the suit of D. and G. Hagar against the judgment debtor, pleaded the general issue, with leave to give any special matter in evidence.

At the trial, before *Wilde* J., Pritchard, who was produced as a witness on the part of the plaintiff, testified, that *at the time when the property in question was attached by* him, he, by direction of the plaintiff, appointed Otis Sanderson as keeper, and gave him an order of possession, as he supposed, in his usual form ; that he usually enumerated all the articles attached, and made the order general, directing the keeper to keep possession of all the property on and about the premises, the same being attached by him &c. ; that he also posted a written notice of the attachment on a beam in the barn ; that afterwards, he was informed, that the keeper had gone off, and that the defendant finding no one in posses-

sion, had attached the property in question at the suit of D. and G. Hagar; that two or three months afterwards, the defendant told the witness, that he did not know of the previous attachment until after he had made his attachment, or he would not have gone there, and that he found no notice in the barn, but he admitted that, before he left the place, the plaintiff informed him, that the property had been attached at his suit, and that the keeper had gone off.

A *pro formâ* verdict was taken for the plaintiff, for the sum of $340·81, the amount of the proceeds arising from the sale of the property in question.

The verdict was to be set aside and a nonsuit entered, or to be affirmed in whole or in part, as the Court should, upon the above facts, determine.

*D. A. Simmons* and *Gay*, for the defendant, cited *Lane* v. *Jackson*, 5 Mass. R. 157; *Watson* v. *Todd*, 5 Mass. R. 271; *Commonwealth* v. *Morse*, 14 Mass. R. 217; *Bagley* v. *White*, 4 Pick. 395; *Carrington* v. *Smith*, 8 Pick. 419; *Merrill* v. *Sawyer*, 8 Pick. 397.

*Hoar*, for the plaintiff.

SHAW C. J. delivered the opinion of the Court. Several questions arise upon this report, which it is not necessary to determine, and on which we give no opinion, because we consider one point decisive. It is a settled rule of the law of attachment, that in order to maintain the lien created by an attachment of personal property, the officer must in some form, by himself or another, retain the custody of the property; *Carrington* v. *Smith*, 8 Pick. 419. What act, what species of possession, and what degree of vigilance, will constitute legal custody, is often a question of difficulty, depending upon a variety of circumstances, having respect to the nature and situation of the property, and the purposes for which custody and vigilance are required; such as protection from depredation by thieves, preservation from the weather, and other causes of damage, and especially giving notice to other officers, and to all other persons having conflicting claims. So it has been held, that wood and lumber on a wharf, placed under the charge of a keeper, who has the key of the gate delivered to him, but who leaves the wharf a part of the day,

Sanderson
*v.*
Edwards.

Oct. 8th

Feb. 26th
1835

Sanderson
*v.*
Edwards.

on a Sunday, are still in his legal custody. So heavy blocks of granite, put in charge of a keeper, whose house is within sight of them, and who passes them daily in going to and from his work, are sufficiently in his custody to preserve the lien.

In the present case it is shown, that before the attachment made by the defendant, the keeper appointed by the officer, to keep the property under the attachment made for the plaintiff, went off, and abandoned all possession and custody of the property; and the Court are all of opinion, that the lien created by the plaintiff's attachment, was thereby lost, and that the attachment by the defendant, therefore, was rightful and valid. If the keeper was employed by the officer, at the plaintiff's request and upon his risk, he must bear the loss; but whether so or not, his remedy, if he has any, is not against the defendant.

It was stated by Pritchard, the officer who made the first attachment, that besides appointing a keeper, he posted a written notice on a beam in the barn. It was supposed by the defendant's counsel, that *Merrill* v. *Sawyer*, 8 Pick. 397, might be relied on as an authority to show, that this notice would make the attachment valid, although the keeper abandoned it. But it must be considered, that in that case, the question was, what taking would constitute an attachment, not what notice or other custody would preserve one. The fact of posting notice on the barn door, was one circumstance relied on, among others, to prove, that the officer claiming a special property had made an actual attachment. That case therefore does not affect the present question. In the present case, it is manifest, that the officer did not rely on such notice, as a means of retaining the custody of the property, but appointed a keeper, in the usual form, and with the usual authority and instructions, to keep actual possession. This keeper went off, substituting no person in his place, but as appears by the report, carrying his written authority or warrant with him, and thereby the legal custody of the property obtained by the attachment, and to be preserved by the keeper, was relinquished and lost.

*Plaintiff nonsuit.*